Snazzi Reporting, Inc. v Veritext, LLC (2024 NY Slip Op 05421)

Snazzi Reporting, Inc. v Veritext, LLC

2024 NY Slip Op 05421

Decided on October 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ. 

Index No. 650680/22 Appeal No. 2957 Case No. 2023-04022 

[*1]Snazzi Reporting, Inc., Plaintiff-Respondent,
v
Veritext, LLC, Defendant-Appellant.

Greenberg Traurig, LLP, New York (Todd H. Girshon of counsel), for appellant.
Kushnirsky Gerber PLLC, New York (Andrew Gerber of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about August 1, 2023, which denied defendant's motion to dismiss the amended complaint pursuant to CPLR 3211 or compel arbitration pursuant to CPLR 7503 and the Federal Arbitration Act (FAA), unanimously reversed, on the law, without costs, and the motion to compel arbitration granted.
The parties agreed to arbitrate all claims arising out of or relating to their agreement, their work relationship, and the services provided by plaintiff to defendant. The contract states in pertinent part, "Any dispute concerning . . . the applicability of the FAA shall be decided by a court . . . Any other issues concerning arbitrability of a particular issue or claim . . . shall be resolved by the arbitrator, not a court." Plaintiff does not dispute the applicability of the FAA; rather, plaintiff is disputing whether its claims under the Freelance Isn't Free Act (FIFA) (Administrative Code of City of NY § 20-927 et seq.) are arbitrable. Pursuant to the parties' contract, this issue must be resolved by the arbitrator (see Henry Schein, Inc. v Archer & White Sales, Inc., 586 US 63, 65, 67-69 [2019]).
Relying on Administrative Code § 20-935(a) ("Except as otherwise provided by law, any provision of a contract purporting to waive rights under this chapter is void as against public policy"), plaintiff contends that it would violate public policy to force it to arbitrate its FIFA claims. Plaintiff's contention is unavailing.
Where the FAA is applicable, as it is here, it preempts state and local law on the enforceability of an arbitration clause (see Fletcher v Kidder, Peabody & Co., 81 NY2d 623, 630 [1993], cert denied 510 US 993 [1993]). Plaintiff, as the party seeking to avoid arbitration, "must demonstrate a congressional intent to preclude a waiver of a judicial forum" (id. at 632 [internal quotation marks omitted]). Plaintiff has failed to do so.
Because plaintiff's claims must be arbitrated, we do not reach the merits of her claims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2024